UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA, | ) | **INFORMATION** | CR 11-310 DSD |
|---|---|---|---|
| Plaintiff, | ) | | |
| | ) | (18 U.S.C. § 2) | |
| v. | ) | (18 U.S.C. § 1344) | |
| | ) | | |
| JOSEPH W. TRAXLER, | ) | | |
| | ) | | |
| Defendant. | ) | | |

THE UNITED STATES ATTORNEY CHARGES THAT:

## BACKGROUND

1.  At all relevant times, the defendant, Joseph W. Traxler, was
    employed as the senior vice president and chief financial
    officer for Centennial Mortgage and Funding, Inc. (Centennial)
    and was a certified public accountant.

2.  At all relevant times, Centennial was an independent mortgage
    lender with its principal place of business in Bloomington,
    Minnesota.  At all relevant times, Centennial's business
    involved providing mortgage loan funding to buyers of real
    property.

3.  To make mortgage loans to buyers, Centennial entered into
    warehouse lines of credit with banks, including American Bank
    (American).  American is a financial institution insured by
    the Federal Deposit Insurance Corporation.

4.  When a buyer applied to Centennial for a mortgage loan,
    Centennial would then request an advance of funding from a
    warehouse line at one of the financial institutions and would
    provide that financial institution with the required

SCANNED

SEP 2 8 2011

U.S. DISTRICT COURT MPLS

SEP 2 8 2011

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

documentation for the requested advance.

5.  Once the financial institution approved the advance, that financial institution would fund the request by drawing funds from Centennial's warehouse line and depositing the funds into a demand deposit account (DDA) controlled by Centennial. Centennial used the DDA to make the mortgage loans to buyers.

6.  When a real property transaction funded by Centennial closed, Centennial would issue the mortgage loan proceeds - as funded through American or another financial institution - by wire transfer or check drawn on the DDA and payable to the title closer.

7.  After the closing process was complete, Centennial sought an investor to purchase the eligible note and mortgage for that particular property.

8.  Once Centennial secured an investor and obtained funds from that investor, Centennial - through the defendant and others acting at his direction - was required to provide that investor's funds to the financial institution that held the note and had provided the mortgage loan funding. This would serve to pay down Centennial's warehouse line of credit with that financial institution.

## COUNT 1
### AIDING AND ABETTING BANK FRAUD

9.  From in or about 2007 through in or about 2008, in the State and District of Minnesota and elsewhere, the defendant,

2

**JOSEPH W. TRAXLER,**

did knowingly execute a scheme and artifice to defraud a financial institution and to obtain moneys, funds, credits, and assets, owned by and under the control of, a financial institution by means of false or fraudulent pretenses, representations and promises; all in violation of Title 18, United States Code, Sections 1344 and 2.

10. Although Centennial was required to use advances from its warehouse lines with American to make mortgage loans, Centennial - through the defendant, others acting at his direction, and others directing him - knowingly and intentionally used the funds to cover Centennial's operating losses and, as a result, to fund payroll and other expenses related to Centennial's operations.

11. Moreover and during the same time period, Centennial, through the defendant, others acting at his direction, and others directing him, knowingly and intentionally:

    a.    made material misrepresentations to American about the status of existing mortgage loans to induce American to advance funds;

    b.    concealed from American defaults under the existing loan agreements;

    c.    concealed the securing of double funding for 23 mortgage loans, knowing that the mortgage funds had already been

provided by American or another financial institution; and

d.   wrote checks between Centennial's accounts at American and another financial institution to capitalize on the "float," to falsely inflate the balance of those accounts, and to allow checks to clear when they would have otherwise been returned for insufficient funds.

12.   As a result of these activities, the defendant, directly and through others acting at his direction and directing him, fraudulently acquired additional funds from American and another financial institution to cover Centennial's operating losses and to pay for the operations and debts of one or more related entities.

13.   The defendant concealed his actions from American and another financial institution through a combination of misrepresentations and omissions concerning the status of existing mortgage loans, defaults under the existing loan agreements, double funding of mortgage loans, and check kiting.

14.   These misrepresentations and omissions were material, meaning they had a natural tendency to influence and were capable of influencing the financial institutions in entering the individual advances on the warehouse lines of credit and, more broadly, in continuing their lending relationships with Centennial.

15. This resulted in losses to American of approximately $8 million.

## FORFEITURE

Count 1 of this Information is hereby realleged for the purpose of alleging forfeitures pursuant to 18 U.S.C. s 982(a)(2)(A). If convicted of the offense charged in Count 1, the defendant will forfeit to the United States, pursuant to 18 U.S.C. s 982(a)(2)(A), any and all property, real or personal, which constitutes or is derived from proceeds he obtained, directly or indirectly, as a result of the offense charged in Count 1. If any of the above-referenced property is unavailable for forfeiture as described in 21 U.S.C. s 853(p), the United States intends to seek the forfeiture of substitute property pursuant to 21 U.S.C. s 853(p).

Dated:  9/28/2011

B. TODD JONES
United States Attorney

BY: Tracy L. Perzel
Assistant U.S. Attorney
Attorney ID No. 296326